IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION

| | |
|---|---|
| Lai QingZhang, | Case No. 1:26-cv-8355 |
| **Plaintiff,** | |
| v. | |
| LumiStyle Beauty, | |
| **Defendant.** | |

## COMPLAINT

Plaintiff Lai QingZhang ("Plaintiff"), hereby brings the present action against LumiStyle Beauty ("Defendant"), as follows:

## JURISDICTION AND VENUE

1.      This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Lanham Trademark Act, 15 U.S.C. § 1051, et seq., 28 U.S.C. § 1338(a)-(b) and 28 U.S.C. § 1331.

2.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over Defendant because Defendant targets consumers in the United States, including Illinois, through a fully interactive e-commerce store on Amazon.com. Specifically, Defendant directly reaches out to do business with Illinois residents by operating or assisting in the operation of the Amazon store that sells counterfeit products infringing Plaintiff's federally registered trademark directly to Illinois consumers. In short, Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

1

**INTRODUCTION**

3.     Plaintiff filed this action to combat online infringers and counterfeiters who trade upon Plaintiff's reputation and goodwill by selling and/or offering for sale unauthorized and unlicensed counterfeit and infringing products using counterfeit versions of Plaintiff's federally registered trademark ("Infringing Products"). Defendant created an Amazon store operating under the alias "LumiStyle Beauty" ("Defendant's Online Store") as identified in **Exhibit 3**, which appears to be selling genuine copies of Plaintiff's products when in fact Defendant is selling counterfeit versions to unknowing customers.

4.      Plaintiff has been forced to file this action to combat Defendant's willful infringement of Plaintiff's registered trademark, as well as to protect unknowing consumers from purchasing infringing products over the internet. Because of Defendant's actions, Plaintiff has been and continues to be irreparably damaged both through consumer confusion, dilution, and tarnishment of its valuable trademark as a result of Defendant's actions. Accordingly, Plaintiff seeks injunctive and monetary relief.

**THE PARTIES**

5.     Plaintiff specializes in the creation, manufacture, marketing, and sale of electric hair combs, in association with Plaintiff's federally registered trademark (collectively, "Plaintiff's Products"). Plaintiff is the owner of a U.S. trademark registration ("Plaintiff's Mark") used to identify its products that it markets, sells, and licenses. Plaintiff is the owner and licensor of all of Plaintiff's Products that are available at, inter alia, the Amazon Brand Store identified in **Exhibit 2**.

6.     Plaintiff is the owner and assignee of all rights, title, and interest in and to the Plaintiff's Mark. The registration for Plaintiff's Mark constitutes prima facie evidence of its

validity and of Plaintiff's exclusive right to use Plaintiff's Mark pursuant to 15 U.S.C. § 1057(b). Defendant's sales of the counterfeit items in violation of Plaintiff's intellectual property rights are irreparably damaging Plaintiff.

7.      Plaintiff has invested substantial resources, time, money, and commercial efforts in order to establish the goodwill of Plaintiff's Products and the Plaintiff's Mark. The success of Plaintiff's business enterprise is dependent and a result of Plaintiff's effort to market, promote, and advertise online via e-commerce. Genuine Plaintiff Products have become very popular, driven by Plaintiff's elevated quality standards and innovative designs. Genuine Plaintiff Products are instantly recognizable among the consuming public.

8.      Plaintiff has continuously used the Plaintiff's Mark in U.S. interstate commerce in connection with the sale, distribution, promotion, and advertising of genuine Plaintiff Products since 2020. Plaintiff has built substantial goodwill in and to the Plaintiff's Mark which are a well-known and valuable asset of Plaintiff.

9.      As a result of Plaintiff's long-standing use of the Plaintiff's Mark in association with Plaintiff's high-quality products, extensive sales, and significant marketing activities, the Plaintiff's Mark has achieved widespread acceptance and recognition among the consuming public and throughout U.S. interstate commerce.

10.      The success of Plaintiff's Products additionally stems from sales to consumers and interest that Plaintiff's consumers have generated.

11.      As a result of the efforts of Plaintiff, the quality of Plaintiff's Products, the promotional efforts for Plaintiff's products and designs, the members of the public have become familiar with Plaintiff's Products and Plaintiff's Mark and associate Plaintiff's Products and the Plaintiff's Mark exclusively with Plaintiff.

3

12. Plaintiff has made efforts to protect Plaintiff's interests in and to the Plaintiff's Mark. Plaintiff is the only business and/or individual authorized to manufacture, import, export, advertise, offer for sale, or sell any goods utilizing the Plaintiff's Mark. Plaintiff has not licensed or authorized Defendant to use the Plaintiff's Mark.

13. Defendant is an individual and/or business entity who, upon information and belief, resides in the People's Republic of China or other foreign jurisdictions. Defendant conducts business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of fully interactive, commercial online marketplaces operating under Defendant's Amazon Store. Defendant targets the United States, including Illinois and this Judicial District, and has offered to sell and, upon information and belief, has sold and continue to sell Infringing Products to consumers within the United States, including the State of Illinois and this Judicial District.

## DEFENDANT'S UNLAWFUL CONDUCT

14. The success of the Plaintiff's Mark has resulted in substantial counterfeiting activity and other attempts to misappropriate Plaintiff's proprietary rights. Accordingly, Plaintiff has policed the use of the Plaintiff's Mark and has identified many online product listings on marketplaces such as Amazon and other Internet locations offering for sale and, on information and belief, selling Infringing Products to consumers throughout the United States, including this Judicial District. See a true and correct copy of Defendant's Amazon e-commerce store offering Defendant's Infringing Products attached hereto as **Exhibit 3.**

15. Defendant enables and facilitates sales of the Infringing Products by presenting the Defendant's Online Store as a legitimate reseller using standardized product listing layouts and terminology. Upon information and belief, Plaintiff has not licensed or authorized

4

Defendant to use the Plaintiff's Mark and Defendant is not an authorized retailers of genuine Plaintiff's Products.

16. Defendant takes pains to conceal its identity from the public, almost invariably using store names and addresses which do not identify Defendant. Defendant may operate several stores simultaneously, using fictitious identities as well as other fictitious names and addresses. Moreover, counterfeiters like Defendant will often register new store accounts under new fictitious names when they receive notice that one or more stores have been the subject of a lawsuit. The use of these store registration schemes is one of several ways in which Defendant, to avoid being shut down, conceal their true identities and the inner workings of their counterfeit operations.

17. Defendant offers and ships its products throughout the United States, including customers in Illinois and within this Judicial District. Upon information and belief, Defendant has sold Infringing Products into the United States and the state of Illinois.

18. Defendant, without any authorization or license from Plaintiff, has knowingly and willfully used and continue to use the Plaintiff's Mark in connection with the advertisement, distribution, offering for sale, and sale of Infringing Products into the United States and into Illinois over the Internet.

19. Defendant offers shipping to the United States, including, specifically Illinois and this Judicial District. Upon information and belief, Defendant has sold Infringing Products into the United States and the state of Illinois.

20. Defendant's unauthorized use of the Plaintiff's Mark in connection with the advertising, distribution, offering for sale, and sale of Infringing Products, including with respect to the sale of such products into the United States, including specifically Illinois and

this Judicial District, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

**COUNT I**
**TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)**

21.　　Plaintiff hereby re-alleges and incorporates by reference the allegations of paragraphs 1-20 as if fully set forth herein.

22.　　This is a trademark infringement and counterfeit action against Defendant based on its unauthorized use in commerce of counterfeit imitations of the Plaintiff's federally registered trademark in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. Plaintiff's Mark is a distinctive mark and consumers have come to expect the highest quality from Plaintiff's Products provided under Plaintiff's Mark.

23.　　Defendant has sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with Plaintiff's Mark without Plaintiff's permission.

24.　　Plaintiff is the exclusive owner of Plaintiff's Mark. Plaintiff's United States Registration and Recordation of Assignment for Plaintiff's Mark (**Exhibit 1**) are in full force and effect. Upon information and belief, Defendant has knowledge of Plaintiff's rights in Plaintiff's Mark and is willfully infringing and intentionally offering counterfeit items bearing Plaintiff's Mark. Defendant's willful, intentional, and unauthorized use of Plaintiff's Mark is likely to cause confusion, mistake, and deception as to the origin and quality of the counterfeit goods among the general consuming public.

25.　　Defendant's activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

26.　　Plaintiff has no adequate remedy at law, and if Defendant's actions are not

6

enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its well-known trademark.

27. The injuries sustained by Plaintiff have been directly and proximately caused by Defendant's wrongful reproduction, use, advertisement, promotion, offer to sell, and sale of counterfeit versions of Plaintiff's Products.

**COUNT II**
**FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125)**

28. Plaintiff hereby re-alleges and incorporates by reference the allegations of paragraphs 1-27 as if fully set forth herein.

29. Defendant's advertising, marketing, promotion, distribution, display, offering for sale, sale, and/or otherwise dealing in counterfeit versions of Plaintiff's products has created and is creating a likelihood of confusion, mistake, and deception among the public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of such products.

30. By manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the counterfeit products, Defendant has offered and shipped goods in interstate commerce.

31. Likewise, by manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling, and/or otherwise dealing in the counterfeit products, Defendant has and continue to trade on the extensive goodwill of Plaintiff to induce customers to purchase a counterfeit version of Plaintiff's Products, thereby directly competing with Plaintiff. Such conduct has permitted and will continue to permit Defendant to make substantial sales and profits based on the goodwill and reputation of Plaintiff, which Plaintiff has amassed through its lengthy nationwide marketing, advertising, sales, and

cumulative consumer recognition.

32.     Defendant knew or, by the exercise of reasonable care, should have known that their past, current, and continuing advertising, marketing, promotion, distribution, display, offering for sale, sale and/or otherwise dealing in the counterfeit goods has and will continue to cause confusion and mistake or to deceive purchasers, users, and the public.

33.     By using Plaintiff's Mark in connection with the sale of counterfeit products, Defendant creates a false designation of origin and a misleading representation of the fact as to the origin and sponsorship of the counterfeit product.

34.     Defendant's false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit product to the public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

35.     As a direct and proximate result of Defendant's wrongful actions, Plaintiff has been and will continue to be deprived of substantial sales of its genuine products.

36.     Plaintiff has no adequate remedy at law and, if Defendant's actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1)     That the Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

a. Using Plaintiff's Mark in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine

8

product of Plaintiff, or is not authorized by Plaintiff to be sold in connection with Plaintiff's Mark;

b. Passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff's product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authority, control, or supervision of Plaintiff and approved by Plaintiff for sale under Plaintiff's Mark and associated with or derived from Plaintiff's Mark;

c. Making, using, selling, and/or importing to the United States for retail sale or resale any products that infringe Plaintiff's Mark;

d. Committing any acts calculated to cause consumers to believe that the Defendant's counterfeit product is those sold under the authority, control, or supervision of Plaintiff, or are sponsored by, approved of, or otherwise connected with Plaintiff, including without limitation through use of Plaintiff's original photographs texts in connection with the offer or sale of counterfeit products;

e. Further infringing Plaintiff's Mark and damaging Plaintiff's goodwill;

f. Otherwise competing unfairly with Plaintiff in any manner;

g. Shipping (including drop-shipping), delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any Plaintiff's Mark, or any reproductions, counterfeit copies, or colorable imitations thereof;

h. Using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant's Internet Store, or any other domain name or online

marketplace account that is being used to sell or is how Defendant could continue to sell counterfeit products;

i. Operating and/or hosting websites at the Defendant's Internet Store of any other domain names registered or operated by Defendant that are involved in the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Plaintiff's Mark or any reproduction, counterfeit copy, or colorable imitation thereof that is not a genuine product or not authorized by Plaintiff to be sold in connection with the Plaintiff's Mark; and,

j. Registering any additional domain names that use or incorporate any portion of the Plaintiff's Mark; and

2) That the Defendant, its affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by through, under, or in active concert with them be temporarily, preliminarily, and permanently enjoined and restrained from:

i. Displaying images protected by the Plaintiff's Mark in connection with the distribution, advertising, offer for sale and/or sale of any product that is not a genuine product of Plaintiff's or is not authorized by Plaintiff to be sold in connection with the Plaintiff's Mark;

ii. Shipping, delivering, holding for same, distributing, returning, transferring, or otherwise moving, storing, or disposing of in any manner products or inventory not manufactured by or for Plaintiff, not authorized by Plaintiff to be sold or offered for sale, and protected by Plaintiff's Mark, or any reproductions, counterfeit copies, or colorable imitation thereof; and

3) That the Defendant, within fourteen (14) days after service of judgment with

10

notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendant has complied with any and all injunctive relief ordered by this Court;

4) Entry of an Order that, upon Plaintiff's request, those in privity with Defendant and those with notice of the injunction, including any online marketplaces such as Amazon; payment processors such as PayPal, Stripe, Payoneer, and LianLian; social media platforms such as: Facebook, YouTube, LinkedIn, Twitter; Internet search engines such as Google, Bing, and Yahoo; webhosts for the Defendant's Domain Names, and domain name registrars, that are provided with notice of the injunction, cease facilitating access to any or all webstores through which Defendant engage in the sale of counterfeit products using the Plaintiff's Mark shall:

5) That Defendant's account for and pay to Plaintiff all profits realized by Defendant by reason of Defendant's unlawful acts herein alleged, and that the amount of damages for infringement of Plaintiff's Mark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

6) For Judgment in favor of Plaintiff against Defendant that it has: (a) willfully infringed Plaintiff's Mark in its federally registered trademark pursuant to 15 U.S.C. § 1114; and (b) otherwise injured the business reputation and business of Plaintiff by Defendant's acts and conduct set forth in this Complaint;

7) For Judgment in favor of Plaintiff against Defendant for actual damages or statutory damages pursuant to 15 U.S.C. § 1117, at the election of Plaintiffs, in an amount to be determined at trial;

8) In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of Plaintiff's Mark;

9)      That Plaintiff be awarded its reasonable attorneys' fees and costs; and,

10)     That Plaintiff be awarded any and all other relief that this Court deems equitable and just.


Dated: July 15, 2026                                    Respectfully submitted,

                                                        /s/ Di Li
                                                        Di Li, Esq.
                                                        **DI LI LAW, P.C.**
                                                        18725 Gale Ave., Ste 208
                                                        City of Industry, CA 91748
                                                        Email: di@dililaw.com | ip@dililaw.com
                                                        Tel:  (626) 723-4849
                                                        Fax: (626) 956-0744

                                                        *Counsel for Plaintiff*
                                                        Lai QingZhang

12